United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL EMPLOYEES TRUST FUND and BOARD OF TRUSTEES OF GENERAL EMPLOYEES TRUST FUND,<br><br>    Plaintiffs,<br><br>  v.<br><br>EAST BAY BUILDING SERVICES, a partnership, ABDULLAH HOMRAN, individually and as a partner in EAST BAY BUILDING SERVICES, and NABILA HOMRAN, individually and as a partner in EAST BAY BUILDING SERVICES,<br><br>    Defendants.<br>_____/ | No. C 09-02722 WHA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**INTRODUCTION**

In this ERISA action, plaintiffs General Employees Trust Fund and Board of Trustees of General Employees Trust Fund move for partial summary judgment against defendants East Bay Building Services, Abdullah Homran and Nabila Homran. Defendants are proceeding pro se. Defendants failed to file an opposition to plaintiffs' motion by the deadline. The Court vacated the hearing for the motion and ordered defendants to show why they failed to respond to the motion in accordance with the local court rules or to file a statement of nonopposition. In response, defendants filed a motion to reinstate the hearing so that they could be "heard" on this motion. The Court extended the deadline for defendants to oppose. There is no right

1  to oral argument so long as the parties are given an opportunity to present written submission,
2  as here. Despite the extension of time, however, defendants have not filed an opposition.
3  As already explained, the motion for partial summary judgment is thus deemed submitted for
4  consideration notwithstanding defendants' failure to oppose.  For the reasons stated below,
5  plaintiffs' motion for summary judgment is **GRANTED.**

## STATEMENT

General Employees Trust Fund provides employee health benefits for employers who have agreed to various collective bargaining agreements (Quinteros Decl. ¶ 4). Since March 2003, defendant East Bay Building Services has been a party to a collective bargaining agreement with Service Employee International Union, Local 1877 (*id.* ¶ 7, Exh. 1). The collective bargaining agreement memorialized defendant East Bay Building Services' duties to pay employee health benefit contribution to the trust fund (*ibid.*).  This agreement also authorized the trust fund to audit the books and records of any participating employer to determine whether or not contributions have been made in accordance with the agreements (*ibid.*).  Under the trust agreement and the collective bargaining agreement, defendant East Bay Building Services agreed to pay fringe benefit contributions to the trust fund based on hours performed by its covered employees (Amd. Answer ¶ 2).

Accountant Richard Valdivia, on behalf of the trust fund, requested an audit of defendant East Bay Building Services' records for calendar year 2007 (Valdivia Decl. ¶ 3). In September 2008, Richard Valdivia began reviewing the records and discovered that he did not have all the requested records (*ibid.*).  The next day, Mr. Valdivia informed defendant Abdullah Homran via a letter that he was unable to complete the audit because he was not provided with all the necessary records (*id.* ¶ 4, Exh. 1).  The audit was scheduled to be continued on October 15, but was cancelled by defendant A. Homran (*id.* ¶ 5).  Defendant A. Homran never provided the requested records (*id.* ¶¶ 5–6).

After being informed that Mr. Valdivia was unable to complete the audit, Richard Romanski, the trust fund's attorney, sent defendant A. Homran a letter explaining the trust fund's right to review the necessary records (*id.* ¶ 6, Exh. 3).  After this action was filed,

1  defendant East Bay Building Services provided Mr. Valdivia with some records, but some
2  records are still outstanding (*id.* ¶¶ 7–8).  The outstanding records are:
3      1.    Accounts payable journal or other documentation of all accounts
4  payable.
5      2.    Cash disbursement journal or other documentation of all cash
6  disbursements.
7      3.    All cancelled checks from all checking accounts.
8      4.    All check stubs from all checking accounts.
9      5.    All bank statements from all checking accounts.
10     6.    All credit card statements with itemized expenses.
11     7.    All Form 1099's.
12     8.    All invoices for persons who received Form 1099's.
13 (*ibid.*).  The trust fund needed to review all the requested records to determine whether defendant
14 East Bay Building Services paid any employees in cash or subcontracted work, in which case,
15 defendant East Bay Building Services would need to make additional contributions to the trust
16 fund (*id.* ¶ 8).  Without completing the audit, the trust fund could not determine whether all
17 required contributions have been made by defendant East Bay Building Services (*id.* ¶ 9).

## ANALYSIS

19     The motion for summary judgment is unopposed.  A district court may not grant a motion
20 for summary judgment solely because the opposing party has failed to file an opposition.
21 *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994) (unopposed motion may be
22 granted only after court determines that there are no material factual issues of fact).  The court
23 may, however, grant an unopposed motion for summary judgment if the movant's papers are
24 themselves sufficient to support the motion and do not on their face reveal a genuine issue of
25 material fact.  *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir.
26 1995) (local rule cannot mandate automatic entry of judgment for moving party without
27 consideration of whether motion and supporting papers satisfy Rule 56), *rev'd on other grounds*
28 *sub nom. Degen v. United States*, 517 U.S. 820 (1996).

The submission in support of the motion for summary judgment show that the trust fund is entitled to review defendant East Bay Building Services' relevant records, and that the trust fund has not been provided with all the necessary records to conduct an audit for calendar year 2007. The only instance where defendants may unsuccessfully point to a material factual dispute is when they allege that they complied with plaintiffs on two different dates, and that the most recent audit was conducted in August 2009. This allegation, however, is in their unverified amended answer, which defendants may not rely upon to assert that a genuine dispute as to a factual matter exists. *See* FRCP 56(e)(2). Also, this inconclusive allegation does not rebut plaintiffs' assertion that defendants have not provided them with *all* the necessary records for 2007. FRCP 56(e). *Matsushita*, 475 U.S. at 586 n.11.

In summary, plaintiffs have established that the trust fund has not been provided with the necessary records to conduct a proper audit for 2007, and there is no genuine issue of material fact evident from plaintiffs' unopposed summary judgment papers.

## CONCLUSION

For the above reasons, plaintiffs' motion for partial summary judgment is **GRANTED.** Within 21 calendar days, defendants shall produce all of the records previously requested by plaintiff General Employees Trust Fund so that it can complete the audit for calendar year 2007.

**IT IS SO ORDERED.**

Dated: April 14, 2010

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4